**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON**

**BLOODSTOCK RESEARCH INFORMATION**           **PLAINTIFF**

vs.           **COMPLAINT**           **NO. _____**

**SERVE:**     **EDBAIN.COM LLC**           **DEFENDANTS**
          **2811 S. Evergreen Circle**
          **Boynton Beach, Florida 33426**

          **JOHN JOHNSON**
          **P.O. Box 112**
          **201 Turner Road**
          **Troy, New York 12182**

          **JOHN DOE**
          **address unknown**

          **JANE DOE**
          **address unknown**

\* \* \* \* \* \* \* \* \* \*

Plaintiff, Bloodstock Research Information Services, Inc. ("BRIS"), for its Complaint against Defendants, states as follows:

**THE PARTIES**

1. BRIS is a Kentucky corporation, with its principal place of business at 801 Corporate Drive, Lexington, Kentucky 40503.

2. Defendants, Edbain.com LLC ("Edbain.com"), John Johnson, John Doe ("John Doe") and Jane Doe ("Jane Doe") (collectively, the "Defendants") are individuals whose places of business or residences are set forth above in the style of this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §1331, because this is a civil action arising under the laws of the United States.

4.      Defendants have transacted business in this Commonwealth or have entered into contracts conferring jurisdiction upon federal courts in Fayette County, Kentucky, and this Court may, therefore, exercise personal jurisdiction over them pursuant to KRS 454.210.

5.      This action arises out of the Defendants having devised and/or participated in a scheme to defraud in violation of 18 U.S.C. §1343. In order to carry out this scheme, Defendants electronically accessed the products of BRIS, through the use of telephone wires, from BRIS's computer, at BRIS' offices in Lexington, Fayette County, Kentucky. The Eastern District of Kentucky, Lexington Division is the district and division in which (a) Defendants have transacted business, (b) a substantial part of the events or omissions giving rise to the claims herein asserted have occurred, and (c) Defendants are subject to personal jurisdiction at the time this action is commenced. Some of the Defendants have also, by agreement, agreed that venue properly lies in Fayette County, Kentucky. Venue is thus properly laid in this district and division pursuant to 28 U.S.C. §1391.

## FACTS

6.      BRIS is a provider of on-line computerized data base information to the thoroughbred horse racing industry. BRIS has a large customer base focused toward two market segments: breeders and handicappers. BRIS acquires its data from the Daily Racing Form ("DRF") and

compensates DRF therefor. From this data, BRIS produces proprietary reports on data files and other products. Customers of BRIS have pre-established accounts and are provided a user name and password in order to purchase handicapping and breeding information. Customers can access the system at all times via various communications software. Each on-line customer is obligated to acknowledge and agree to a contract with BRIS which prohibits that customer from reselling, republishing or retransmitting any of the data obtained through BRIS.

7.   John Doe and Jane Doe, who are unknown Defendants and whose precise identities are presently unknown, and John Johnson are customers of BRIS pursuant to Brisnet.com Membership Agreement and are subject to Terms and Conditions which are attached hereto as Exhibit "A" and are made a part hereof. It is believed that discovery will reveal the true names and addresses of the unknown defendants described herein as John Doe and Jane Doe.

8.   Edbain.com sells or offers to sell or otherwise distribute handicapping products over the intenet to all areas of the world, including in Fayette County, Kentucky.

9.   The Defendants have organized and/or are participating in a scheme to obtain information from BRIS via computer and modem over telephone lines. This is the information that BRIS obtains from DRF. The scheme is one to defraud BRIS in violation of 18 U.S.C. §1962(c). The scheme is a conduct of an enterprise through a pattern of racketeering activity. As part of this scheme, the Defendants have committed fraud by wire in violation of 18 U.S.C. §1343. Defendants have wrongfully induced BRIS to part with property or surrender a legal right, which accomplishes the scheme. All of the Defendants have participated in the scheme.

10.   The Terms and Conditions to which John Johnson, John Doe and Jane Doe are

subject, as set forth in Exhibit "A," state in paragraph 5, in part, as follows:

> It is expressly understood that no part of any information received from BRIS may be reproduced, resold, published, transmitted, disseminated, distributed or commercially exploited by the Customer in its existing or any a1tered form or by any means, including, mechanically, without the prior written consent, of BRIS. Customer agrees not to use the information to conduct any commercial business without the prior written consent of BRIS or any activity prohibited by law.

As used in the agreement, "Customer" refers to John Johnson, John Doe or Jane Doe.

11.    In the scheme which the Defendants have devised and/or in which they are participating, they retrieve information on a regular basis from BRIS. They download the files from BRIS, extract data from the files, incorporate the extracted data into a new file and sell or distribute it to Edbain.com's customers.

12.    The scheme is intended to deprive BRIS of money by offering products which contain information obtained from BRIS, thereby diverting potential customers from BRIS or encouraging customers of BRIS to become customers of Edbain.com and thereby bringing about financial gain to Defendants and causing financial loss to BRIS.

13.    The scheme violates the agreements that John Johnson, John Doe and Jane Doe have with BRIS, as set forth in Exhibit "A," hereto. By entering into their respective agreements with BRIS, John Johnson, Jane Doe and John Doe -- and Edbain.com as the recipient of the information from them -- have obtained money by false or fraudulent pretenses, representations or promises. BRIS would not have entered into the agreements or provided the information had it known or been

advised of Defendants' intentions or use of the information. To accomplish their scheme and obtain the information, Defendants have caused signals to be transmitted by means of wire communication in interstate commerce as set forth in 18 U.S.C. §1343.

14. BRIS first became aware of the scheme in the summer of 2006. Participation in the scheme since then has continued, in spite of requests to Edbain.com to cease and desist. In furtherance of the scheme, John Johnson, John Doe or Jane Doe used the wires in interstate commerce. Edbain.com regularly used the information in its handicapping products <u>which it obtained from the other Defendants</u>.

15. The Defendants knowingly and wrongfully obtain the information and, in turn, resell it, all in violation of the agreements that John Johnson, John Doe and Jane Doe have with BRIS.

16. As a direct result of the scheme and the violation of 18 U.S.C. §1962(c), BRIS has been damaged in amounts to be proven at trial, which damages should be joint and several liabilities of the Defendants.

17. Paragraph 7(f) of the Terms and Conditions set forth on Exhibit "A" states in part as follows:

> Subscriber agrees to pay all reasonable attorney fees and costs incurred by BRIS if BRIS prevails in enforcing any provisions of this agreement including, but not limited to, the cost of collecting any sums owed.

Pursuant to said Paragraph 7(f), BRIS is entitled to recover its attorneys fees herein expended from John Johnson, John Doe and Jane Doe.

18. BRIS has been injured in its business and is entitled to sue therefor and to recover from the Defendants threefold the damages it has sustained, together with the cost of this action, including reasonable attorneys' fees, all pursuant to 18 U.S.C. §1964(c).

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

1. For trial by jury;

2. For damages in amounts to be proven at trial;

3. Trebling of the damages awarded to Plaintiff;

4. Its costs herein expended, including reasonable attorneys' fees; and

5. Any and all other relief to which it may appear to be entitled.

       **GESS, MATTINGLY & ATCHISON P.S.C.**

       By: _____
        C. Timothy Cone
        Elizabeth S. Hughes
       201 West Short Street
       Lexington, Kentucky  40507
       (859) 252-9000

S:\TCone\BRIS\Bain\complaint.frm